# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WESTMORE EQUITIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00109-JPG-DGW |
| | ) | |
| CITY OF MOUNDS, *an Illinois Municipal Corporation,* | ) ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| WAYMON A. BUTLER, JR. and, | ) | |
| | ) | |
| ROBIN L. BARKSDALE, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEVELOPMENT & MUNICIPAL INITIATIVES, LLC, | ) ) | |
| | ) | |
| KEITH J. MORAN, | ) | |
| | ) | |
| ERIC K. WHITE, and | ) | |
| | ) | |
| DEBORAH PROSSER-WHITE, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on Defendants Waymon A. Butler, Jr. and Robin L. Barksdale's Motion to Dismiss (Doc. 20) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff filed a response (Doc. 30).

1. **Background**.

   On  April  21,  2010,  Plaintiff  Westmore  Equities,  LLC  ("Westmore")  entered  into  a

Redevelopment Agreement ("Contract") with Defendant City of Mounds for the development of certain property located at 764 S. Blanche, Mound, Illinois ("Property"). Westmore was reimbursed for funds expended in 2013, but when it requested reimbursement in 2014, Westmore was notified that the Contract was void because it was never approved by the Mounds City Council.

Westmore filed suit seeking a declaration pursuant to 28 U.S.C. § 2201 that the Contract is valid and binding, or in the alternative, relief from Waymon Butler, Jr., the City of Mounds mayor, and Robin Barksdale, the city clerk, for breach of warranty of authority. (Doc. 1).

Defendants Butler and Barksdale now motion for dismissal of the breach of warranty of authority claims arguing that their actions taken in the execution of their offices are immune from suit and recovery pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act")(745 ILSC 10/1-101, *et. seq.*).

2. **Analysis.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

"It is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

The Illinois Local Governmental and Governmental Employees Tort Immunity Act is substantive law and provides:

"Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."  745 Ill. Comp. Stat. Ann. 10/2-201;

"If a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for any injury caused thereby except to the extent that he would have been liable had the enactment been constitutional, valid and applicable."  745 Ill. Comp. Stat. Ann. 10/2-203

"A public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material."  745 Ill. Comp. Stat. Ann. 10/2-210

"*Nothing in this Act affects the liability, if any, of a local public entity or public employee, based on: a). Contract;*")(745 Ill. Comp. Stat. Ann. 10/2-101)(*emphasis added.*)

Plaintiff argues that, "Plaintiff seeks damages consisting solely of 'economic losses occasioned by diminished commercial expectations not coupled with injury to person or property' and arising out of a breach related to the Redevelopment Agreement.  Accordingly, Plaintiff's Count II is a cause of action under a contract theory to which the Tort Immunity Act does not apply."  (Doc. 30, page 6, *citing Melvin v. City of West Frankfort,* 93 Ill.App.3d 425(5th Dist. 1981)).

The first question to be answered is whether Count II is an action sounding in tort or in contract.  "A tort is an act or omission giving rise, in virtue of the common law jurisdiction of the Court, to a simple remedy which is not an action on a contract."  Barry A. Lindahl, 1 Modern Tort Law: Liability and Litigation § 2:1 (2d ed.)(quoting Pollock, Law of Torts, p 3 (1st Ed.)).  A contract is "An agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law."  Black's Law Dictionary (8th ed. 2004).

The Complaint states that the Plaintiff and the City of Mounds entered into an agreement.  Count I of the Complaint is Declaratory Judgment action against the City of Mounds seeking a declaration that the agreement is valid and binding between "Westmore and the City."  Count II is plead in the alternative that if the agreement is found to be void, defendants Butler and Barksdale breached a warranty of authority in signing and attesting to the agreement on behalf of the city.

Defendants argue that language "[a]s a direct *and proximate* result of Defendants' breach of warranty of authority, [Plaintiff] has been damaged" is sufficient to indicate that Count II sounds in tort rather than in contract.  The Court does not agree.  Defendants cite to *Melvin v. City of West Frankfort*, 93 Ill.App.3d 425 (5th Cir. 1981) as an illustration of a plaintiff's attempt to re-characterize an action in terms of contract rather than tort.  However, in *Melvin* the Court found there were injuries in the form of denied wages and the injuries resulted from state and federal constitutional duties that were violated.  As such, the *Melvin* Court held that the pleading followed the "traditional model of a tort claim."  *Id* at 432.  In the case at bar, there are no allegations of damages or injury to person or property – only economic losses within the scope of the agreement.  As such, the Court believes that as plead, Count II sounds in contract.

However, "Contract obligations are imposed because of conduct of the parties manifesting consent, and are owed only to the specific parties named in the contract." *Lyon Financial Services, Inc. v. Illinois Paper and Copier Co.,* 732 F.3d 755, 764 (7th Cir. 2013)(*citing Glorvigen v. Cirrus Design Corp.*, 816 N.W.2d 572, 584 (Minn. 2012). "We conclude that no cause of action ex contractu is stated where there is no privity of contract." *Chanin v. Chevrolet Motor Co.*, 89 F.2d 889, 891 (7th Cir. 1937).

Defendants Butler and Barksdale signed and attested the agreement solely on behalf of the City of Mounds and there is no indication within the Complaint or the Agreement that these defendants were in any manner intended to be parties to the agreement. Further, "Because defendant's authority is specifically defined by statute, plaintiffs cannot claim that they had no notice of defendant's actual authority." *Sitton v. Gibbs*, 73 Ill.App.3d 812, 815 (1979).

Although the Complaint describes the claim in Count II in sufficient detail to give the defendants fair notice of what the claim is and the grounds upon which it rests, it fails to plausibly suggest that the plaintiff has a right to relief above a speculative level as defendants Butler and Barksdale are not parties to the agreement.

Based on the above, Defendants Waymon A. Butler, Jr. and Robin L. Barksdale's Motion to Dismiss (Doc. 20) is **GRANTED** and Count II is **DISMISSED** without prejudice. Plaintiff is **GRANTED** 30 days in which to amend its complaint.

**IT IS SO ORDERED.**

**DATED:** 11/3/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**