**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WESTMORE EQUITIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00109-JPG-DGW |
| ) | |
| CITY OF MOUNDS, *an Illinois Municipal Corporation*, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| WAYMON A. BUTLER, JR. and, ) | |
| ) | |
| ROBIN L. BARKSDALE, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| vs. ) | |
| ) | |
| DEVELOPMENT & MUNICIPAL INITIATIVES, LLC, ) | |
| ) | |
| KEITH J. MORAN, ) | |
| ) | |
| ERIC K. WHITE, and ) | |
| ) | |
| DEBORAH PROSSER-WHITE, ) | |
| ) | |
| Third-Party Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Third-party Defendant Keith Moran's Motion (Doc. 41) to Dismiss Counts I and III of the Third Part Complaint as to Third-party Defendant Keith Moran. Third-party Plaintiff City of Mounds filed a response (Doc. 54) in opposition and Third-party Defendant Moran filed a reply (Doc. 59). Pursuant to Local Rule 7.1(c)(2), reply briefs are not favored except in exceptional circumstances. Third-party Defendant Keith Moran

1

stated exceptional circumstances in his brief and the Court will consider the reply.

Prior to considering the motion to dismiss, there is a pending third-party Plaintiff City of Mounds' Motion (Doc. 45) for Default Judgment that the Court will address. Third-party defendant Moran filed a response (Doc. 47).

**1. Third-party Plaintiff City of Mounds' Motion for Default Judgment.**

The Clerk of the Court entered a default order (Doc. 50) against third-party defendants Development & Municipal Initiatives, LLC ("DMI"), Deborah Prosser-White, and Eric K. White on June 19, 2015, for failure to plead or otherwise defend in this case. Local Rule 55.1(a) states that the serving party shall give notice of the entry of the default to the defaulting party by regular mail sent to the last known address of the defaulted party and shall certify to the Court that notice has been sent.

Third-party Plaintiff has not certified to the Court that notice of the entry of the default was sent to each defaulting defendant. As such, third-party Plaintiff City of Mounds' Motion for Default Judgment (Doc. 45) is **DENIED** without prejudice for failure to comply with Local Rule 55.1. Third-party Plaintiff may, if appropriate, file an amended motion for default judgment that complies with Local Rule 55.1.

**2. Motion to Dismiss Counts I & III of the Third-Party Complaint**.

**a. Background**.

On April 21, 2010, Plaintiff Westmore Equities, LLC ("Westmore") entered into a Redevelopment Agreement with Defendant City of Mounds for the development of certain property located in Mounds, Illinois. Westmore was reimbursed for funds expended in 2013, but when it requested reimbursement in 2014, Westmore was notified that the contract was void because it was never approved by the Mounds' City Council. According to the City of Mounds,

it entered into the agreement with Westmore based on the advice and guidance of DMI and its members, Keith Moran, Eric White and Deborah Prosser-White.

Westmore filed suit seeking a declaration pursuant to 28 U.S.C. § 2201 that the contract is valid and binding, or in the alternative, relief from Waymon Butler, Jr., the City of Mounds' mayor, and Robin Barksdale, the city's clerk, for breach of warranty of authority. (Doc. 1). The Court notes that defendants Butler and Barksdale have been dismissed pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act")(745 ILSC 10/1-101, *et. seq.*)(Doc. 60).

Defendant City of Mounds filed a third-party Complaint (Doc. 22) against the third-party defendants claiming that they violated the Tax Increment Allocation Redevelopment Act ("TIF Act", 65 ILCS 5/11-74.4-1, *et seq.*); the Uniform Fraudulent Transfer Act ("UFTA", 740 ILCS 160/1, *et. seq.*); and for Contribution. Third-party defendant Keith Moran[1] ("Moran") now moves for dismissal of Counts I and III of the third-party complaint pursuant to Federal Rules of Civil Procedure 14(a)(2)(A) and 12(b)(6).

b. **Standards.**

**(1) Rule 12(b)(6).**

Federal Rule of Civil Procedure 14(a)(2)(A) provides that a third-party defendant must assert any defense against the third-party claim under Rule 12. As such, this motion is properly brought under Rule 12(b)(6).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to

---

[1] The Court will only address third-party defendant Moran for the remainder of its analysis. The Court will also not address Count II, violation of Uniform Fraudulent Transfer Act ("UFTA", 740 ILCS 160/1, *et. seq.*), as it is not directed to Moran.

state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555). Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

4

Also, "[i]t is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Therefore, Illinois substantive law applies in this matter.

(2) **Tax Increment Allocation Redevelopment Act** ("TIF Act").

The TIF Act § 11-74.4-3(q)(1) provides in relevant part:

> After consultation with the municipality, each tax increment consultant or advisor to a municipality that plans to designate or has designated a redevelopment project area shall inform the municipality in writing of any contracts that the consultant or advisor has entered into with entities or individuals that have received, or are receiving, payments financed by tax increment revenues produced by the redevelopment project area with respect to which the consultant or advisor has performed, or will be performing, service for the municipality. 65 ILCS 5/11-74.3.

c. **Analysis.**

Count I of the third-party complaint alleges that Moran violated the TIF Act § 11-74.4-3(q)(1) by failing to notify the City of Mounds that he had, "an ongoing commercial relationship with **PLAINTIFF, WESTMORE EQUITIES, LLC**, in conjunction with the formation of Tax Increment Financing Districts in the State of Illinois and construction of facilities therein." (Doc. 22, pg. 3).

The City of Mounds alleges that it entered into an agreement with DMI for technical services relative to a Tax Increment Financing Redevelopment Project ("TIF Agreement") on October 17, 2009. Based on DMI's advice and guidance, the City of Mounds then entered into an agreement with Westmore on April 21, 2010- unaware that DMI and its members had an "ongoing commercial relationship" with Westmore.

DMI was created on or about June 16, 2006, with Moran listed on its Articles of Organization as member. On March 8, 2010, the Articles of Organization were amended to include Deborah Prosser-White and deleted Moran as a member of DMI. On December 6th, 2010, the City of Mounds again contracted with DMI for services related to an Illinois Business District ("Business District Agreement"). However, four days later on December 10th, 2010, DMI was dissolved and the dissolution was not disclosed to the City of Mounds.

Count I of the third-party complaint alleges a violation of the TIF Act for its failure to disclosure its relationship with Westmore. There is no indication of the extent of the relationship between Westmore and Moran other than it was an "ongoing commercial relationship."

Moran argues that a violation of the TIF Act § 11-74.4-3(q)(1) requires that there was a "contract" between DMI or its members and Westmore. He further states that the Act requires that Westmore was an entity that "received, or are receiving payment financed by tax increment revenues" in connection with a redevelopment project area to which the consultant or advisor has performed, or will be performing, service for the municipality.

The Court agrees. Although the City of Mounds correctly argues that it does not need to allege all facts necessary to a claim, it must however, allege enough facts to plausibly suggest that it has a right to relief above a speculative level. A "previous commercial relationships" is not a violation of the TIF Act § 11-74.4-3(q)(1). The City of Mounds does not need to allege the specific facts of the contract (*i.e.* type of contract, date, provisions), but there must be some indication within the pleadings that a "contractual relationship" existed between DMI or its members and Westmore. Further, the pleadings should indicate that Westmore was an entity that "received, or are receiving payment financed by tax increment revenues," but again, there is no requirement to state specific facts with regard to the amount of the payments, dates, *etc*.

The City of Mound's claim[2] that it has sufficiently plead a breach of contract claim with regard to DMI or its members does not stand with regard to Count I.  Count I describes a claim for a violation of the TIF and neither party cites to – and this Court cannot locate – a cause of action with regard to the TIF Act other than a breach of contract and/or fraud.  A violation of the Act does not appear actionable unless it results in fraud and/or a breach of an agreement.  Count I only alleges a violation of the Act without sufficient elements to bring Count I within the scope of a fraud or a breach of contract claim.

It also fails with regard to Count III.  Although the City of Mounds' response states it has plead all six requirements of a breach of contract claim, the court cannot locate a requirement within the Agreement for Technical Services ("ATS") dated October 17, 2009, that required DMI to have knowledge that "the Redevelopment Agreement required the approval of the City Council." (Doc. 22, pg 13).  In fact, it appears from the ATS that DMI was required to present its plan to the City Council and that the City Council would direct DMI's actions after the presentation.  There also appears to be some responsibility with regard to the City Council and the City of Mounds has not plead that it completed all required conditions – it has only plead that it executed a contract with Westmore on the advice and direction of DMI.

If the Court cannot determine what portion of the ATS that the third-party defendants are alleged to have breach, then the pleadings are insufficient to describes a breach of contract claim in sufficient detail to give the defendant fair notice of the claim.  Further, attempting to bring the claim within a breach of contract in respond to a motion to dismiss is not the proper means to correct a pleading.

---

[2] City of Mounds' response has section titled "Breach of Contract" but there is no indication whether it is arguing that it has alleged breach of contract with regard to a specific count.  As such, the Court will address the claim with regard to both Counts I & III.

7

**3. Third-party Defendant Moran's Motion to Strike.**

Finally, third-party defendant Moran has a pending Motion (Doc. 44) to Strike Immaterial Matter from General Allegations of Counts I & III of the third-party complaint as to third-party defendant Moran pursuant to Federal Rules of Civil Procedures 12(f).

Under Federal Rule of Civil Procedure 12(f), a party may motion to strike, "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" before responding to the pleading. Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, a party must show prejudice to succeed on a motion to strike. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

The Court should not strike matter from a pleading "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

Moran moves to strike any and all allegations that are not connected or related to the dispute between the City of Mounds and Westmore regarding the "Redevelopment Agreement" dated April 21, 2010. (Doc. 44, pg 2). The third-party complaint contains allegations with regard to an "Agreement for Services – Business District" that Moran claims are immaterial and irrelevant to the Redevelopment Agreement. He further states that the allegations pertaining to

the amount paid by the City of Mounds pursuant to the Business District Agreement is irrelevant.

The paragraphs Moran requests stricken reference the Business Agreement of December 6, 2010, between the City of Mounds and DMI for technical services and assistance with regard to the formation of a business district within the corporate limits of the City of Mounds. There does not appear to be a connection between this agreement and the contract between the City of Mounds and Westmore.

The Court can determine a clear connection with regard to the TIF Agreement of October 17, 2009, between the City of Mounds and DMI, as that contract forms the basis of the allegations that DMI was hired to advise the City of Mounds and upon that advice, the City of Mounds entered into the contract with Westmore. However, the Business District Agreement appears to be a totally separate and unrelated agreement. There are no allegations within the third-party complaint that the that the Business Agreement was a result of the contract between the City of Mounds and Westmore or was related in any way with that contract.

As far as prejudicial, the Business District allegations indicate fraud and improper business practices. Those facts are immaterial and irrelevant to the case at bar unless those allegations occurred before, during, or affected the City of Mounds and Westmore contract. The City of Mounds appears to have several claims with regard to DMI and the Business Agreement, but those claims should be brought in a separate suit as they do not arise from of the agreement between the City of Mounds and Westmore – which is the basis of the case at bar.

The Court would also like to note that the City of Mounds argues that Moran's Motion to Strike is untimely under Federal Rule of Civil Procedure 12(f)(2) which states that a motion to strike can be made either before the responding to the pleadings, or if a response is not allowed, within 21 days after being served with the pleadings. Since Moran filed a Motion to Dismiss

(Doc. 41) prior to filing his Motion to Strike, the City of Mounds argues that Moran "has closed the window of opportunity provided him in Rule 12(f)(2)." Moran argues that whether a motion to dismiss is a responsive pleading with regard to a third-party complaint "appears to be one of first impression that should be presented clearly to the Court for its decision."

The Court directs ***both parties*** to Federal Rule of Civil Procedure 12(a)(4)(A) that provides that serving a motion under Rule 12 alters the periods for filing a responsive pleading. It further provides that if the court denies the motion, the responsive pleading must be served within 14 days after notice of the court's action. Moran's Motion to Dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and therefore, his responsive pleading must be served within 14 days after this Court's ruling on that motion. As the Court is ruling on Moran's Motion to Dismiss in this order, Moran has 14 days after this Order, if required, to file a responsive pleading. Until that time, a motion to strike is not time barred. Parties are also directed to Federal Rule of Civil Procedure 7 which defines pleadings, motions, and other papers.

**4. Conclusion.**

The City of Mounds may have a cause of action against Moran under fraud and/or for breach of contract, but those claims are not properly plead in the Third Party Complaint. Based on the above, the Court finds as follows:

a. Third-party Plaintiff, City of Mounds' Motion for Default Judgment (Doc. 45) is **DENIED** without prejudice for failure to comply with Local Rule 55.1.

b. Third-party defendant Keith Moran's Motion (Doc. 41) to Dismiss Counts I and III of the Third-Party Complaint as to the third-party defendant Keith Moran is **GRANTED.**

    c.  Counts I & III of the Third-Party Complaint (Doc. 22) are **DIMISSED** without prejudice with regard to third-party defendant Keith Moran.

    d.  Third-party Defendant Keith Moran's Motion (Doc. 44) to Strike Immaterial Matter is **DENIED** as moot based on c, above.

    e.  Third-party Plaintiff, City of Mounds, is **GRANTED 30 days** from the date of this order to file, if appropriate, an amended third-party complaint. The Court advises the City of Mounds to take the discussion of the Motion to Strike into consideration should it decides to file an amended third-party complaint.

If the third-party complaint is not amended within the time allowed, the Court will dismiss third-party Defendant Moran without further action needed.

**IT IS SO ORDERED.**

**DATED:** 2/2/2016

                                          *s/J. Phil Gilbert*
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**