IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESTMORE EQUITIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00109-JPG-DGW |
| ) | |
| CITY OF MOUNDS, *an Illinois* ) | |
| *Municipal Corporation,* ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| WAYMON A. BUTLER, JR. and, ) | |
| ) | |
| ROBIN L. BARKSDALE, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| vs. ) | |
| ) | |
| DEVELOPMENT & MUNICIPAL ) | |
| INITIATIVES, LLC, ) | |
| ) | |
| KEITH J. MORAN, ) | |
| ) | |
| ERIC K. WHITE, and ) | |
| ) | |
| DEBORAH PROSSER-WHITE, ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Third-Party Plaintiff, City of Mounds' Amended Motion (Doc. 71) for Default Judgment and Motion (Doc. 76) to Strike Third-Party Defendant Keith Moran's Response (Doc. 74) in Opposition to the Amended Motion for Default Judgment.

On April 21, 2010, Plaintiff Westmore Equities, LLC ("Westmore") entered into a Redevelopment Agreement with Defendant City of Mounds for the development of certain

property located in Mounds, Illinois. Westmore was reimbursed for funds expended in 2013, but when it requested reimbursement in 2014, Westmore was notified that the contract was void because it was never approved by the Mounds' City Council. According to the City of Mounds, it entered into the agreement with Westmore based on the advice and guidance of DMI and its members, Keith Moran, Eric White and Deborah Prosser-White.

Westmore filed suit seeking a declaration pursuant to 28 U.S.C. § 2201 that the contract is valid and binding, or in the alternative, relief from Waymon Butler, Jr., the City of Mounds' mayor, and Robin Barksdale, the city's clerk, for breach of warranty of authority. (Doc. 1). The Court notes that defendants Butler and Barksdale have been dismissed pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act")(745 ILSC 10/1-101, *et. seq.*)(Doc. 60).

Defendant City of Mounds filed a third-party Complaint (Doc. 22) against the third-party defendants claiming that they violated the Tax Increment Allocation Redevelopment Act ("TIF Act", 65 ILCS 5/11-74.4-1, *et seq.*); the Uniform Fraudulent Transfer Act ("UFTA", 740 ILCS 160/1, *et. seq.*); and for contribution. Third-Party defendants Development & Municipal Initiatives, LLC, Deborah Prosser-White and Eric White failed to answer the Third-Party Complaint or to otherwise plead and a Clerk's Entry of Default (Doc. 50) was entered on June 19, 2015. It is noted that Third-Party Plaintiff City of Mounds filed a Motion (Doc. 45) for Default Judgment on June 15, 2015 which the court denied for failure to comply with Local Rule 55.1. (Doc. 70).

Third-Party Defendant Keith Moran filed a Motion (Doc. 41) to Dismiss Counts I and III which the Court granted (Doc. 70) and allowed Third-Party Plaintiff 30 days to amend the Third-Party Complaint.

Third-Party Plaintiff then filed the Amended Motion for Default Judgment (Doc. 71) followed by an Amended Third Party Complaint (Doc. 72).

With regard to Amended Motion for Default Judgment, the claims against defendant City of Mounds and Third-Party Defendant Keith Moran are still pending.  Any judgment entered by the Court against Third-Party defendants Development & Municipal Initiatives, LLC, Deborah Prosser-White and Eric White at this stage in the litigation must be pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving all claims against a party.  *See General Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011);  *National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986).  Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.**  When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining whether to grant judgment under Rule 54(b), the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956));  *accord General Ins. Co.*, 644 F.3d at 379.  Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved.  *Curtiss-Wright*, 446 U.S. at 8;  *General Ins. Co.*, 644 F.3d at 379;  *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987).

In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see ODC Commc'ns Corp. v. Wenruth Invs.*, 826 F.2d 509, 512 (7th Cir. 1987).

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin*, 823 F.2d at 1065. However, district courts are not to utilize Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). Ordinarily, a default judgment should not be entered against one defendant until the matter has been resolved as to all defendants. *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)). Where claims are substantively intertwined – such as, for example, where the pending claims factually overlap with those for which a Rule 54(b) judgment is sought – a Rule 54(b) judgment is inappropriate. *See General Ins. Co.*, 644 F.3d at 380 (citing *Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 593–95 (7th Cir. 1990)). In this matter, the initial claims and the third-party claims are substantively intertwined and a Rule 54(b) judgment would not be appropriate.

Further, Rule 54(b) is not the major problem with regard to the amended motion for default judgment. The major problem is that there are no pending allegations against Third-Party defendants Development & Municipal Initiatives, LLC, Deborah Prosser-White and Eric White. As noted above, Third-Party Plaintiff filed an Amended Third-Party complaint (Doc. 72). Although Third-Party defendants Development & Municipal Initiatives, LLC, Deborah Prosser-

White and Eric White are named in the caption of the amended third-party complaint, the initial paragraph of the third-party complaint states that it, "hereby complains of Keith Moran." (Doc. 72, pg 1). The Court notes that there are allegations and/or alleged facts within the counts that reference, "DMI" and "White," but whether "White" refers to Deborah Prosser-White or Eric White is unclear. Further, with regard to Count IV, the complaint only requests indemnification from Third-Party defendant Moran.

Once an amended pleading is filed, it supersedes the prior pleading. See *Wellness Community–National v. Wellness House*, 70 F.3d 46, 49 (7th Cir.1995); *Barnett v. Daley*, 32 F.3d 1196, 1198 (7th Cir.1994). "The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes functus officio." *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955). Since there are no claims against Third-Party defendants Development & Municipal Initiatives, LLC, Deborah Prosser-White and Eric White in the amended third-party complaint, there is no relief that the Court could award in a default judgment.

Based on the above, Third-Party Plaintiff, City of Mounds' Amended Motion (Doc. 71) for Default Judgment is **DENIED**. Third-Party Plaintiff's Motion (Doc. 76) to Strike Third-Party Defendant Keith Moran's Response (Doc. 74) is **DISMISSED** as moot since Moran's response addressed the initial third-party complaint. The Court will allow the Third-Party Plaintiff one more opportunity, if appropriate, to file an amended third-party complaint. Third-Party Plaintiff City of Mounds is **GRANTED** leave to file an amended third-party complaint on or before **October 10, 2016.**

    IT IS SO ORDERED.

    DATED: 9/14/2016        *s/J. Phil Gilbert*
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**